**DELAWARE COUNTY, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BAXTER COLES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 26, 2002.

Decided Sept. 19, 2002.

Reargument Denied Nov. 12, 2002.

966

Lisa A. Miller, Media, for petitioner.

Mark R. Schmidt, Media, for respondent.

BEFORE: COLINS, President Judge, SMITH–RIBNER, Judge, and COHN, Judge.

OPINION BY Judge COHN.

Delaware County (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ), who determined that Pamela Baxter Coles (Claimant) gave timely notice of her injury to Employer. For the reasons that follow, we affirm the order of the Board.

The relevant facts of the case are as follows. On January 17, 1996, Claimant filed a Claim Petition alleging work-related injuries of anxiety, depression, and high blood pressure caused by abnormal stress and harassment. On May 29, 1996, Claimant filed a Claim Petition alleging work-related carpal tunnel syndrome. Employer filed appropriate Answers to both petitions denying all allegations.

Following hearings before the WCJ, he dismissed Claimant's petition as to her mental injury stating that she had failed to sustain her burden of proving that the injury resulted from an abnormal working condition. As to Claimant's petition for her work-related carpal tunnel syndrome, the WCJ concluded that Claimant sustained her burden of proving that she did, in fact, suffer from that condition. The WCJ, however, dismissed this Claim Petition because he found that Claimant failed to satisfy the notice requirement in Section 311 of the Workers' Compensation Act.[1] The WCJ found that Claimant was diagnosed with carpal tunnel syndrome on October 30, 1995, but Employer did not receive notice of the injury until her Claim

Petition was filed on May 29, 1996 and, thus, that Claimant had failed to give notice of the injury within 120 days as required by Section 311.

Claimant appealed the WCJ's decision to the Board, which affirmed as to the mental injury.[2] With regard to the carpal tunnel petition, the Board remanded it to the WCJ for "more specific Findings regarding when the Claimant should have known of her condition of carpal tunnel syndrome and its *possible* relationship to her employment...." (June 8, 1999 Order of the Board) (emphasis in original). Following remand, the WCJ, without taking any additional testimony, concluded that Claimant provided Employer with notice of her work injury within 120 days of learning about the relationship between her carpal tunnel syndrome and her work duties. Consequently, he found that she satisfied her burden of proving that she suffered work-related carpal tunnel syndrome, and granted her Claim Petition. Employer appealed the decision of the WCJ to the Board, which affirmed. This appeal followed.

 Our scope of review where, as here, both parties have presented evidence is limited to whether the findings of fact are supported by substantial evidence and whether there has been any constitutional violation or legal error. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988). The burden of proof for a claim petition is on the claimant to prove all of the necessary elements for an award. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). The claimant

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1066.

2. The Board's order to affirm the WCJ's decision concerning the mental injury was appealed to this Court and we affirmed in an unreported opinion, dated August 7, 2000.

must establish that the injury was sustained during the course and scope of employment and is causally related thereto. *Ruhl v. Workmen's Compensation Appeal Board (Mac–It Parts, Inc.),* 148 Pa. Cmwlth.294, 611 A.2d 327 (1992), *petition for allowance of appeal denied,* 533 Pa. 620, 619 A.2d 701 (1993). The claimant must also establish that the work injury resulted in a disability which continued for the period of time for which benefits are sought. *Somerset Welding v. Workmen's Compensation Appeal Board (Lee),* 168 Pa.Cmwlth. 78, 650 A.2d 114 (1994).

Employer makes two arguments on appeal. It argues that the Board erred in affirming the WCJ's decision, first, because the WCJ exceeded the scope of the Board's June 8, 1999 order and, second, because the decision is not supported by substantial evidence.

Regarding the first issue, Employer maintains that the Board's remand order directed the WCJ to make specific findings concerning when Claimant should have known of her carpel tunnel syndrome and its possible relationship to her employment. Specifically, Employer argues that the remand order directed the WCJ to make further findings that would support his *original* conclusion that Claimant failed to provide notice within 120 days of October 30, 1995. We disagree.

■ The WCJ should restrict remand proceedings to the purpose indicated by the Board's remand order; to allow him to do otherwise would result in unnecessary confusion. *Clark v. Workers' Compensation Appeal Board (Wonder Bread Co.),* 703 A.2d 740 (Pa.Cmwlth.1997). For example, in *Clark,* the WCJ initially found that the claimant suffered from an occupational disease and granted his claim petition. On appeal to the Board, the parties entered into a stipulation providing that the case should be remanded back to the

WCJ for further findings as to notice, average weekly wage, rate of compensation, and litigation costs. After remand, the claimant submitted evidence of a Notice of Workers' Compensation Denial, his litigation expenses, and a Statement of Wages. The employer submitted no additional evidence. After review, the WCJ dismissed the claimant's claim petition on the basis that the claimant failed to prove that he suffered from an occupational disease or that his condition was work-related. The WCJ also concluded that even if the claimant's condition was work-related, the claimant failed to give timely notice of his injury. The Board affirmed and the claimant appealed to the Commonwealth Court.

In our decision in *Clark* we concluded that the WCJ was limited, pursuant to the Board's order, to address only the specific issues set forth in the Board's remand order. Because the WCJ had previously settled the issues regarding the type of injury and causation, he exceeded the scope of the order when he reconsidered whether the claimant suffered from an occupational disease.

■ In the present case, as previously noted, the Board's order remanded the case to the WCJ for "more specific Findings regarding when the Claimant should have known of her condition of carpal tunnel syndrome and its *possible* relationship to her employment...." (June 8, 1999 Order of the Board) (emphasis in original). Thus, the specific issue to be addressed by the remand order was the discovery rule and its effect on the timeliness of claimant's notice.

Our review of the record indicates that in the WCJ's first adjudication he found the testimony of Dr. Ingram credible, including the testimony that he diagnosed Claimant with carpal tunnel syndrome on October 30, 1995. He also credited a stip-

ulation that Dr. Ingram informed Claimant of the carpal tunnel syndrome's connection to her employment in April or May 1996. In the second adjudication both parties elected not to submit any additional evidence, so the WCJ was obligated to review the evidence submitted in the first proceeding to make his additional findings. Given the dictates of the remand order, the WCJ evaluated the evidence and came to the conclusion that Claimant knew or should have known of the relationship between her injury and her employment in April or May of 1996. Since this was the issue placed squarely before the WCJ, Employer's assertion that the WCJ could only make findings that support its position that notice was untimely is without merit. Unlike in *Clark*, where the WCJ went beyond the scope of the remand order, the WCJ in the case *sub judice* only dealt with the issue before him. Consequently, we hold that the WCJ did not exceed the scope of the remand order.

Next, Employer argues that the Board erred in affirming the WCJ's decision on the merits of the carpal tunnel claim petition because the decision is not supported by substantial evidence. We disagree.

■■■ Where the Board takes no additional evidence, the ultimate fact finder is the WCJ whose findings of fact, if supported by substantial evidence, must be accepted. *Moore v. Workmen's Compensation Appeal Board (Appeal of Reading Paperboard Corp.)*, 539 Pa. 333, 652 A.2d 802 (1995). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *York Terrace/Beverly Enterprises v. Workmen's Compensation Appeal Board (Lucas)*, 140 Pa.Cmwlth.75, 591 A.2d 762, 764 n.5 (1991). It is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the critical inquiry is wheth-

er there is evidence to support the findings actually made. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152 (Pa.Cmwlth. 1998).

Section 311 of the Act states:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. The term "injury" in this section means, in cases of occupational disease, disability resulting from occupational disease.

77 P.S. § 631.

■■■ The notice requirement in repetitive trauma cases, while liberalized, requires the claimant to give notice within 120 days of when the claimant knows or should have known of the possible work relationship, and is known colloquially as the "discovery rule." *Bolitch v. Workmen's Compensation Appeal Board (Volkswagon of America, Inc.)*, 132 Pa. Cmwlth.110, 572 A.2d 39 (1990), *petition for allowance of appeal denied*, 526 Pa. 639, 584 A.2d 321 (1990). Whether the claimant has complied with the Section 311 notice requirement is a question of fact for

the WCJ. *Travelers Insurance Co. v. Workmen's Compensation Appeal Board (Levine)*, 68 Pa.Cmwlth.24, 447 A.2d 1116 (Pa.Cmwlth.1982).

In the case *sub judice*, the WCJ found that Claimant did not *actually* know of the work-relatedness of her injury until her physician told her in April or May, 1996.[3] We believe that substantial evidence supports this conclusion. The crux of the issue, as the Board noted in its remand order, was whether the Claimant *should have* known of the work-relatedness of her injury prior to April or May, 1996. We believe that the WCJ correctly found that Employer presented no evidence to show that Claimant should have known, prior to April or May, 1996, that her injury was work-related.

In its brief, Employer argues that Claimant should have known that her injury was work-related as of her October 30, 1995 examination because Dr. Ingram diagnosed her with carpal tunnel syndrome, discussed his findings with her, and commenced treatment for her injury. However, there is no evidence of the exchange between Dr. Ingram and Claimant concerning his findings and Employer does not provide any specific evidence of what the physician told Claimant. Employer had the opportunity, on remand, to present evidence that would show that Claimant should have known at an earlier date that the carpal tunnel syndrome was work-related. The record reflects that Employer agreed nothing further needed to be presented. (December 20, 2000 Hearing Transcript at 5).[4] The WCJ, therefore, based his finding on the evidence submitted at the hearings of the first disposition of the case.

In a similar situation, our Supreme Court determined that it was reasonable for a claimant not to know of the relationship between her injury and her job until her doctor told her. *Sell v. Workers' Compensation Appeal Board (LNP Engineering)*, 565 Pa. 114, 771 A.2d 1246 (2001). In *Sell*, the claimant suffered from emphysema and claimed that she did not know her condition was work-related. In determining whether her lack of knowledge was reasonable, or whether she should have known earlier, our Supreme Court was influenced by the insidious nature of the disease, and noted particularly that the emphysema was "not the result of an accident or some other event of which she would have been immediately aware." *Id.* at 125, 771 A.2d at 1252. This is similar to the matter *sub judice*, in which Claimant's injury was not the result of an accident, but was a repetitive trauma injury and, thus, insidious. Further, in *Sell*, the Court held that without the benefit of a medical consultation the claimant would have had no way of knowing the injury was work-related. We believe that the same princi-

3. The parties entered into a Stipulation of Facts at the first set of proceedings before the WCJ. Specifically, Stipulation of Fact No. 3 stated:

> Claimant subsequently came under the care of Dr. William Ingram. Dr. Ingram recommended various diagnostic studies, including an EMG test. During her course of treatment, Dr. Ingram did advise claimant of his diagnoses, and the cause of that diagnoses sometime at the end of April, 1996, or the beginning of May, 1996.

4. Employer now argues that a finding should have been made by the WCJ regarding whether Claimant reasonably should have known of the work-relatedness of her injury in October 1995 and seeks *another* remand for this reason. As we stated in *Pucci v. Workers' Compensation Appeal Board (Woodville State Hospital)*, 707 A.2d 646, 648 (Pa.Cmwlth.1998), where the WCJ allowed the parties to submit additional evidence and the claimant failed to do so, "Claimant … is not now entitled to a 'second bite at the apple.' " The same logic applies here.

ple applies here. We, therefore, conclude that substantial evidence exists to support the WCJ's finding that Claimant knew or should have known of the connection between her injury and her employment in April 1996.

Accordingly, we affirm the order of the Board.

## ORDER

**NOW,** September 19, 2002, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.