Rebecca TETER, Petitioner

v.

WORKERS' COMPENSATION AP-PEAL BOARD (PINNACLE HEALTH SYSTEM), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 30, 2005.

Decided Nov. 17, 2005.

Michael J. Pykosh, Camp Hill, for petitioner.

Christopher D. Pavuk, Wormleysburg, for respondent.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Rebecca Teter (Claimant) petitions for review from a decision of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the Workers' Compensation Judge (WCJ) granting Claimant's claim petition for a limited time period. We affirm.

On July 27, 2000, Claimant alleges that she sustained a back injury while in the course and scope of her employment with Pinnacle Health System (Employer). Claimant filed a claim petition against Em-

ployer and its workers' compensation carrier, Consolidated Risk Services (collectively, Respondents), seeking full disability benefits from July 27, 2000 and continuing, as well as payment of medical expenses and counsel fees. Respondents denied all the material allegations.

On February 3, 2003, the WCJ granted Claimant's claim petition and ordered Employer to pay Claimant's compensation for three days that she missed from work, pay Claimant's health care liens, litigation costs and medical expenses into the future. Respondents appealed to the Board. On September 24, 2003, the Board remanded the decision for the WCJ. The Board directed the WCJ in pertinent part as follows: "On remand, the Judge is instructed to summarize Dr. Schmidt's testimony and explain the basis for his credibility determinations with regard to the medical expert testimony, based on the existing record." Board Decision, September 24, 2003, at 6.

On August 18, 2004, the WCJ confirmed its decision of February 3, 2003 and found that the Claimant had recovered from her work-related injury of July 27, 2000 as of June 21, 2001. The WCJ terminated Claimant's benefits as of June 21, 2001. Claimant appealed to the Board.

On June 10, 2005, the Board found that the WCJ did not exceed the scope of the remand and that the WCJ's findings were supported by substantial evidence. The Board affirmed the decision of the WCJ. Claimant now petitions our Court for review.[1]

Claimant contends that the WCJ erred in accepting the testimony of Employer's medical witness on remand when

---

1. Our review is limited to a determination of whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Vinglinsky v. Workmen's Compensation Appeal Board (Penn Installation)*, 139 Pa.Cmwlth.15, 589 A.2d 291 (1991).

he rejected that testimony in his initial decision.

■ In a claim petition for compensation, the claimant has the burden of establishing the right to compensation and all of the elements necessary to support an award, including the burden of establishing a causal relationship between a work-related incident and an alleged disability. *Cardyn v. Workmen's Compensation Appeal Board (Heppenstall)*, 517 Pa. 98, 534 A.2d 1389 (1987). Where the causal connection between employment and injury is not obvious, the claimant must present unequivocal medical testimony to establish that connection. *Shelestak v. Workmen's Compensation Appeal Board (Bethlehem Mines Corporation)*, 131 Pa.Cmwlth.582, 571 A.2d 516 (1990). The claimant also has the burden of proof in establishing the duration of disability throughout the pendency of the claim petition. *Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis)*, 166 Pa.Cmwlth. 141, 646 A.2d 51 (1994), *appeal denied*, 541 Pa. 645, 663 A.2d 696 (1995), *citing Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993).

In the present controversy, Claimant presented the deposition testimony of Dr. Steven B. Wolf, M.D. (Dr. Wolf) and Dr. Julian Gutierrez, M.D. (Dr. Gutierrez) in support of her claim petition. Employer presented the deposition testimony of Dr. Richard G. Schmidt, M.D. (Dr. Schmidt) in opposition. The WCJ initially found Dr. Wolf and Dr. Gutierrez credible and Dr. Schmidt incredible in granting Claimant's claim petition and ordering Employer to pay Claimant's medical expenses into the future. However, upon remand from the Board, the WCJ found Dr. Schmidt credible and terminated Claimant's benefits as of June 22, 2001. Claimant contends that the WCJ could not change its credibility determination on remand, as it was beyond the scope of the remand.

■ Upon remand from the Board, the WCJ must confine his decision to the instructions within the remand order. *Clark v. Workers' Compensation Appeal Board (Wonder Bread Company)*, 703 A.2d 740 (Pa.Cmwlth.1997). There would be unnecessary confusion if the WCJ was not required to confine his decision to the remand order. *Delaware County v. Workers' Compensation Appeal Board (Baxter-Coles)*, 808 A.2d 965 (Pa.Cmwlth.2002). The WCJ is not required to produce the same result as the initial decision; he is only required to remain within the boundaries of the remand order. *Id.*

In the present controversy, the Board remanded to the WCJ to "summarize Dr. Schmidt's testimony and explain the basis for his credibility determinations with regard to the medical expert testimony...." Board's Decision, September 24, 2003, at 6. The WCJ reviewed the medical testimony, summarized Dr. Schmidt's testimony, made new credibility determinations and explained the basis for such determinations in his opinion. All of this review was within the boundaries of the remand order. The WCJ was required to review the medical testimony and state the basis for his determinations. He was not required to produce the same result as the initial decision.

■ The Claimant questions the WCJ's acceptance of Dr. Schmidt's opinion. Such determinations are beyond the purview of this Court's appellate review. All doctors demonstrated a thorough understanding of the Claimant's condition, and the WCJ exercised his authority to accept the testimony of the Employer's medical witness, in whole or in part. *Casuccio v. Workmen's Compensation Appeal Board (Scheidemantle)*, 72 Pa.Cmwlth.270, 456 A.2d 1117

(1983). The WCJ is the ultimate fact finder and has complete authority for making all credibility determination. *Universal Cyclops Steel Corporation v. Workmen's Compensation Appeal Board*, 9 Pa. Cmwlth. 176, 305 A.2d 757 (1973).

Accordingly, we affirm the decision of the Board.

### ORDER

AND NOW, this 17th day of November, 2005 the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.