IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Virgil Hoover,                                   :
                                                 : No. 26 C.D. 2016
                          Petitioner             : Submitted: June 17, 2016
                                                 :
              v.                                 :
                                                 :
Workers' Compensation Appeal                     :
Board (Amos's Maintenance                        :
Service),                                        :
                                                 :
                          Respondent             :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED:  September 14, 2016


         Virgil Hoover (Claimant) petitions for review of the December 31, 2015,
order of the Workers' Compensation Appeal Board (WCAB) affirming the decision
of a workers' compensation judge (WCJ) to grant Amos's Maintenance Service's
(Employer) petition to terminate Claimant's workers' compensation benefits
(termination petition).  We affirm.


         On April 30, 2009, Claimant injured his lower back while working as a
repair and maintenance supervisor for Employer when a steel shelf he was loading
onto a pickup truck slid off and pinned him to the ground.  (WCJ's Summary of
Evidence, No. 4.)  Employer issued a notice of compensation payable acknowledging

a work-related lumbar nerve root injury. (WCJ's Procedural History, No. 1.) Claimant never returned to work. (WCJ's Summary of Evidence, No. 10.)

On August 23, 2013, Employer filed a termination petition under section 413 of the Workers' Compensation Act (Act),[1] alleging that Claimant had fully recovered from his work-related injury as of May 21, 2013. The WCJ held hearings on October 7, 2013, May 23, 2014, and August 26, 2014.

In support of its termination petition, Employer presented a surveillance video and the deposition testimony of Shane Jordan. (WCJ's Summary of Evidence, Nos. 7-8.) Jordan obtained surveillance video of Claimant at the Pennsylvania Department of Motor Vehicles (DMV) on May 18, 2013. (*Id.*) The video showed Claimant walking with a limp at times, sitting while waiting to be called, and standing at two counters. (*Id.*, No. 7.) There was a nine-minute gap in the video for which Jordan could not account. (*Id.*, No. 8.) Jordan did not recall Claimant tripping while at the DMV. (*Id.*) The video also contained footage of Claimant operating a riding lawnmower for 20 minutes while at his home. (*Id.*, No. 7.)

Employer presented a second surveillance video and the deposition testimony of Edward Zalewski. (*Id.*, Nos. 7, 9.) On May 21, 2013, Zalewski obtained surveillance video of Claimant walking and entering and exiting his car while performing errands. (*Id.*) Claimant appeared to walk normally. (*Id.*, No. 7.)

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §771.

Employer also presented the deposition testimony of Victoria Langa, M.D., who is board-certified in orthopedic surgery. (*Id.*, No. 10.) Dr. Langa performed an independent medical evaluation (IME) of Claimant on May 21, 2013.[2] (*Id.*) Dr. Langa reviewed Claimant's medical records, discussed Claimant's work injury, and reviewed Claimant's treatments and medications. (*Id.*) Dr. Langa found that Claimant's magnetic resonance imaging (MRI) scans showed diffuse degenerative disc disease throughout his lumbar spine with bulging and protrusions. (*Id.*) Dr. Langa found no discreet herniation or significant spinal stenosis. (*Id.*) Dr. Langa noted that Claimant developed a left-foot drop after undergoing a lumbar epidural injection. (*Id.*) The foot drop resolved over a two-year period. (*Id.*)

Upon examination, Dr. Langa learned that Claimant was living in Michigan with his sister and had stopped treatments. (*Id.*) Claimant complained of low back pain radiating into his right buttock with intermittent radiation into his right leg. (*Id.*) Claimant did not complain of left leg or foot problems. (*Id.*) Dr. Langa acknowledged that Claimant had suffered the April 30, 2009, work-related nerve root injury. (*Id.*) However, upon examination, Dr. Langa found no evidence of a nerve root injury or radiculopathy. (*Id.*) Dr. Langa opined that Claimant no longer needed medical treatment and had fully recovered from the work-related injury. (*Id.*)

Claimant testified that he still has pain in his right leg and takes morphine, which makes him feel sick. (*Id.*, No. 6.) Claimant stated that he has endured spinal shots and various medications due to the work-related injury. (*Id.*,

---

[2] Employer also introduced Dr. Langa's IME report and affidavit and a subsequent letter authored by Dr. Langa in support of its termination petition.

No. 4.) Claimant also testified that he stopped treating and medicating for the work-related injury from August 2012 through August 2013 because the commute to Pittsburgh was difficult. (*Id.*) However, during that time, Claimant continued to have right leg numbness, right testicular pain, and low back pain. (*Id.*)

Claimant presented the deposition testimony of Edward Heres, M.D., who is board-certified in anesthesiology and pain management. (*Id.*, No. 11.) Dr. Heres initially examined Claimant in October 2009, at which time Claimant complained of pain radiating from his spine to his lower extremities. (*Id.*) Dr. Heres diagnosed Claimant with neuropathic pain from a nerve injury after an electromyogram (EMG) study and an MRI scan. (*Id.*) Dr. Heres treated Claimant with cortisone injections, physical therapy, medications, and neuropathic pain medications until August 15, 2012. (*Id.*) Dr. Heres started treating Claimant again in September 2013 and currently prescribes morphine, a transcutaneous electrical nerve stimulation (TENS) unit, and a Lidoderm patch. (*Id.*) Dr. Heres opined that Claimant could not return to his pre-injury position with Employer. (*Id.*) Dr. Heres, however, agreed that Claimant could work in some capacity. (*Id.*)

Claimant also submitted the deposition testimony and note of neurosurgeon Ghassan Bejjani, M.D., who first examined Claimant on February 4, 2010. (*Id.*, No. 12.) Dr. Bejjani reviewed Claimant's 2009 EMG study that showed an affected nerve root consistent with radiculopathy and possible stenosis. (*Id.*) Claimant's lumbar MRI scans showed stenosis and disc bulges throughout Claimant's spine. (*Id.*) Claimant's computerized axial tomography (CAT) scan revealed a possible disc irregularity and possible spondylosis. (*Id.*) Dr. Bejjani opined that as of

his 2014 examination of Claimant, Claimant had not fully recovered and could not work a full-duty position. (*Id.*)

The WCJ found Claimant's complaints of pain not credible and rejected Claimant's testimony. (WCJ's Findings of Fact, No. 15.) The WCJ determined that Dr. Langa was more credible than Dr. Bejjani and Dr. Heres because Dr. Langa relied upon a lack of objective findings when examining Claimant, whereas Drs. Bejjani and Heres relied upon Claimant's complaints of symptoms. (*Id.*) The WCJ found that Claimant had fully recovered from his work-related injury as of May 21, 2013, and granted Employer's termination petition. (*Id.*; WCJ's Conclusions of Law, No. 2.) Claimant appealed to the WCAB. On December 31, 2015, the WCAB affirmed. Claimant now petitions this court for review.[3]

Claimant argues that the WCAB erred in not addressing Claimant's argument that the record lacks substantial, competent evidence to support the WCJ's finding that Claimant was fully recovered from the work-related injury. Specifically, Claimant argues that Employer failed to produce any evidence that Claimant had fully recovered from a "lower back nerve root" injury because Dr. Langa's report and affidavit state that Claimant had fully recovered from a "lumbar sprain/strain" injury. We disagree.

---

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

The employer bears the burden of proof in a termination proceeding. *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 705 A.2d 1290, 1291 (Pa. 1997).

> In a case where the claimant complains of continued pain, this burden is met when an employer's medical expert unequivocally testifies that it is his [or her] opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury.

*Id.* at 1293.

Here, Dr. Langa testified that Claimant is fully recovered from his work injury, does not need further medical treatment, and is not restricted from any activities. (Dr. Langa Dep., 3/11/14, at 18-20.) Dr. Langa determined that there are no objective medical findings substantiating Claimant's claims of pain or connecting them to the work injury. (*Id.* at 18, 25.) Although Dr. Langa's initial report and affidavit refer to a lumbar strain/sprain, Dr. Langa explained that she subsequently issued a letter confirming that Claimant "had no evidence of radiculopathy[,] which is what you would find if there was an ongoing lumbar nerve root injury." (*Id.* at 21.) Dr. Langa further explained that Claimant's degenerative changes were age-related and not work-related. (*Id.* at 18.)

The WCJ is the ultimate factfinder and determines the weight and credibility of evidence. *Lombardo v. Workers' Compensation Appeal Board (Topps Company, Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997). "As such, the WCJ is free

6

to accept or reject the testimony of any witness, including medical witnesses, in whole or in part." *Id.* Here, the WCJ specifically found the medical opinion of Dr. Langa to be more credible and persuasive than the medical opinions of Dr. Heres and Dr. Bejjani and listed the reasons supporting this determination. (WCJ's Findings of Fact, No. 15.)

"Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. It is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the critical inquiry is whether there is evidence to support the findings actually made." *Delaware County v. Workers' Compensation Appeal Board (Baxter-Coles)*, 808 A.2d 965, 969 (Pa. Cmwlth. 2002) (citations omitted). Because substantial evidence supports the WCJ's finding that Claimant is fully recovered from his April 30, 2009, work-related injury, the WCAB did not err.[4]

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[4] We note that contrary to Claimant's assertion, the WCAB did, in its December 31, 2015, opinion, address Claimant's argument that the record lacks substantial, competent evidence to support the WCJ's finding that Claimant was fully recovered from the work-related injury.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Virgil Hoover,                          :
                                        : No. 26 C.D. 2016
                        Petitioner      :
                                        :
              v.                        :
                                        :
Workers' Compensation Appeal            :
Board (Amos's Maintenance               :
Service),                               :
                                        :
                        Respondent      :


O R D E R


AND NOW, this 14<u>th</u> day of <u>September</u>, 2016, we hereby affirm the December 31, 2015, order of the Workers' Compensation Appeal Board.


_____
ROCHELLE S. FRIEDMAN, Senior Judge