# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Josepha Saint-Val, : 
        Petitioner : 
  : 
     v. : No. 1755 C.D. 2017
  : 
Workers' Compensation Appeal Board : 
(Mercy Health System), : 
        Respondent : 

Mercy Health System, : 
        Petitioner : 
  : 
     v. : No. 1808 C.D. 2017
  : Submitted: June 8, 2018
Workers' Compensation Appeal Board : 
(Saint-Val), : 
        Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT         FILED: September 11, 2018

      Before the Court are cross-petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that granted Josepha Saint-Val's (Claimant) petition to expand the description of her work injury and granted Mercy Health System's (Employer) petition to terminate benefits. In doing so, the Board affirmed the decision of the Workers' Compensation Judge (WCJ) that the description of Claimant's injuries in Employer's notice of compensation payable was materially incorrect and that Claimant had fully recovered from her compensable work injuries.

Claimant worked for Employer for 12 years as a lead cash posting specialist, which is a data entry position. On May 13, 2015, Claimant injured her left hand while typing during the course of her employment. On May 27, 2015, Employer issued a notice of temporary compensation payable describing the injury as "left wrist – sprain – sprain of left wrist. No specific incident." Reproduced Record at 2a (R.R. __). The notice of temporary compensation payable converted to a notice of compensation payable (NCP).

On October 1, 2015, Employer filed a termination petition alleging that Claimant fully recovered from her injuries as of September 14, 2015. On October 21, 2015, Claimant filed a review petition to change the description of the injury in the NCP to include bilateral carpal tunnel syndrome. The petitions were assigned to a WCJ.

Before the WCJ, Claimant testified about the work incident, explaining that on May 13, 2015, she injured her left hand when she was typing and entering data. Notes of Testimony (N.T.), 10/21/2015, at 4; R.R. 16a. She experienced a cramping sensation in her left wrist and numbness in her left hand. She began treating with Andrew Bongiovanni, D.O., her primary care physician, who referred her to Meredith Osterman, M.D., at the Philadelphia Hand Center. Dr. Osterman performed carpal tunnel surgery on the left wrist in July 2015, and on the right wrist in March 2016.

Claimant testified that she had no pain in her left or right hand or wrist prior to May 2015, and had no prior surgery on her left or right hand or wrist. Claimant testified about her ongoing issues with her left hand and wrist. She stated she is unable to make a fist with her left hand without cramps and numbness, and she continues to experience swelling and pain in her left hand and wrist.

2

Claimant also offered the deposition testimony of Dr. Osterman, a board-certified orthopedic hand surgeon. Dr. Osterman testified that she reviewed Claimant's medical history and observed irritation of Claimant's median nerve at both left and right carpal tunnels. Dr. Osterman observed that Claimant's left wrist was weaker and more sensitive than the right wrist.

Dr. Osterman concluded that Claimant suffered from left carpal tunnel syndrome. Dr. Osterman's treatment plan initially included injections to help with the pain and swelling. When the injections did not resolve Claimant's pain and swelling, Dr. Osterman performed a left carpal tunnel release surgery in July 2015. After the surgery, Claimant experienced significant improvement in her left hand and wrist, but began experiencing irritation in her right hand and wrist. At that time, Dr. Osterman diagnosed Claimant with right carpal tunnel syndrome.

Dr. Osterman testified that Claimant continued with occupational therapy and conservative treatment for the right carpal tunnel syndrome with a transition back to work scheduled for September 15, 2015. Upon returning to work, the pain and sensation of swelling returned in Claimant's left hand and wrist and she experienced an increase in numbness and tingling in her right hand and wrist. Dr. Osterman diagnosed Claimant with a flare-up of her right carpal tunnel syndrome; post-operative irritation and flaring of her left wrist; and diffuse swelling and tendonitis on both sides. Dr. Osterman prescribed an inflammatory injection and occupational therapy, which relieved Claimant's symptoms.

Claimant continued with therapy until March 2016, when Dr. Osterman performed carpal tunnel release surgery on Claimant's right wrist. The surgery relieved Claimant's symptoms, but she continued to experience pain in her left hand and wrist. Dr. Osterman last saw Claimant in April 2016, at which time the

symptoms in Claimant's right hand had completely dissipated. Claimant reported continued pain in her left hand and wrist. Dr. Osterman could not identify the cause of this continued pain and recommended that Claimant get a second opinion.

Dr. Osterman opined that Claimant's work activities aggravated her carpal tunnel syndrome, explaining as follows:

> I do believe that her job was a material aggravation of her carpal tunnel syndrome. She has no risk factors such as endocrinopathy. She did have a thyroidectomy, which minimized any contribution from thyroid disease. She doesn't have diabetes. She does a repetitive job with data entry that is greater than 4 hours a day, and she's been doing this for 12 to 13 years at about 50 hours a week. Because of that, I do think that the job was a material aggravation. While carpal tunnel syndrome is multifactorial in terms of development, I believe that if she had a job with less repetitive data entry, she may not have gone on to develop such severe symptoms.

N.T., 3/30/2016, at 27; R.R. 59a.

Dr. Osterman opined that Claimant had not fully recovered on the left side, but was nearly recovered on the right side. As to Claimant's left hand and wrist, Dr. Osterman explained that the cause of Claimant's continued pain was unknown and recommended that Claimant not participate in any aggravating activities. Dr. Osterman testified that Claimant was still recovering from the right carpal tunnel release surgery. Dr. Osterman concluded that Claimant's job caused an aggravation of her bilateral carpal tunnel syndrome.

Employer presented the deposition testimony of its independent medical examiner William Kirkpatrick, M.D., who is a board-certified orthopedic surgeon, with a subspecialty in the hand and upper extremity. After examining Claimant and reviewing her medical records, Dr. Kirkpatrick concluded that Claimant's left hand and wrist had recovered and her sensory symptoms had

4

resolved. Dr. Kirkpatrick diagnosed Claimant with mild right carpal tunnel syndrome.

Dr. Kirkpatrick opined that a work accident did not cause Claimant's bilateral carpal tunnel syndrome. He explained:

> I would more specifically state that it is my opinion that low force repetitive activities typically do not lead to the causation of carpal tunnel syndrome…. In particular in this case this lady does have risk factors. Most importantly is the fact that carpal tunnel syndrome is most common in middle-age females and in fact that would be her category. More importantly is that she is morbidly obese with a weight of 239 pounds and a height of five feet five. This also is a significant risk factor for carpal tunnel syndrome aside from work activities.
>
> More importantly as I note in my second report I saw her in December 2015. She had not been working at all since May 2015 so approximately seven months prior to my seeing her and yet she complained that her right carpal tunnel syndrome had continued to significantly worsen. One would reasonably expect that if the carpal tunnel symptomology were due to or related to her work activities that stopping work one would see a resolution or if—or improvement in her symptoms of the carpal tunnel syndrome. In fact she was just the opposite with worsening of her condition on the right side further supporting my conclusion that this was not a work-related condition.

N.T., 1/5/2016, at 12-13; R.R. 114a-15a.

The WCJ concluded that Claimant met her burden of proving bilateral carpal tunnel syndrome, in addition to a left wrist sprain. WCJ Decision at 10, Finding of Fact No. 35. The WCJ further concluded that Claimant had fully recovered from both injuries based on the opinions of Dr. Osterman and Dr. Kirkpatrick. More specifically, the WCJ found, based on Dr. Kirkpatrick's testimony, that Claimant recovered from the left-sided carpal tunnel and wrist sprain as of December 21, 2015. Based on Dr. Osterman's testimony, the WCJ concluded

5

that Claimant had recovered from the right-sided carpal tunnel syndrome as of April 1, 2016. Consistent with the above findings, the WCJ granted Claimant's review petition and Employer's termination petition.

Both parties appealed to the Board, which affirmed. The Board discerned no error in the WCJ's decision to accept Dr. Osterman's opinion that Claimant's bilateral carpal tunnel syndrome was work-related. The Board affirmed the WCJ's findings that Claimant had fully recovered from the left wrist sprain and left carpal tunnel syndrome as of September 14, 2015, and December 21, 2015, respectively. The Board also affirmed the WCJ's finding that Claimant had fully recovered from her right carpal tunnel syndrome as of April 1, 2016. Accordingly, the Board affirmed the WCJ's decision to grant Employer's termination petition and Claimant's review petition.

On appeal,[1] Employer and Claimant present two issues for our consideration. Employer argues that the WCJ's decision to grant Claimant's review petition was not supported by substantial evidence. Claimant argues that the Board erred in affirming the termination of benefits because it was not supported by substantial evidence.

We first address Employer's argument that the WCJ erred in granting Claimant's review petition. Employer contends that because Claimant's right carpal tunnel symptoms were not present on May 13, 2015, the date of the accepted work injury, they were not related to Claimant's job duties. Employer does not challenge the presence of Claimant's left-sided carpal tunnel symptoms on that date.

---

[1] "This Court's review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, [and] whether constitutional rights were violated or an error of law was committed." *CVA, Inc. v. Workers' Compensation Appeal Board (Riley)*, 29 A.3d 1224, 1227 n.4 (Pa. Cmwlth. 2011).

6

We begin by reviewing the standards for modification of an NCP. When an NCP does not accurately describe the actual injury or identify all of the injuries suffered in a work-related incident, the NCP may be modified. Section 413(a) of the Workers' Compensation Act[2] (Act) sets forth the procedure by which the NCP may be modified. Section 413(a) of the Act permits a claimant to request modification of the NCP, which is treated the same "as if such petition were an original claim petition." 77 P.S. §773; *see also Westmoreland County v. Workers' Compensation Appeal Board (Fuller)*, 942 A.2d 213, 217 (Pa. Cmwlth. 2008).

In a claim petition, the claimant bears the burden of proving all the elements necessary to support an award. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). In order to meet this burden, the claimant must establish that the injury was sustained in the course of employment. *McCabe v. Workers' Compensation Appeal Board (Department of Revenue)*, 806 A.2d 512, 515 (Pa. Cmwlth. 2002). Where there is no obvious causal relationship between the accident and the injury, the claimant must prove the connection to work by unequivocal medical evidence. *Hilton Hotel Corp. v. Workmen's Compensation Appeal Board (Totin)*, 518 A.2d 1316, 1318 (Pa. Cmwlth. 1986). Our Supreme Court has explained this evidentiary burden as follows:

> Where medical testimony is necessary to establish a causal connection, the medical witness must testify, not that the injury or condition might have or possibly came from the assigned cause, but that in his professional opinion the result in question did come from the assigned cause. Medical evidence which is less than positive or which is based upon possibilities may not constitute legally competent evidence for the purpose of establishing the causal relationship.

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4; 2501-2626. Section 413(a) comprises three separate sections, 77 P.S. §§771–773.

*Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Board of Education)*, 498 A.2d 800, 802 (Pa. 1985) (internal citations omitted).

Claimant had the burden to establish, through credible medical evidence, that the injuries she sought to add to the NCP were work-related. The WCJ credited Dr. Osterman's testimony that Claimant sustained a material aggravation of bilateral carpal tunnel syndrome as a result of her repetitive typing duties for Employer. The WCJ accepted Dr. Osterman's opinions as to Claimant's diagnoses and causation because of her familiarity with Claimant's conditions as her treating physician. Thus, the WCJ held that Claimant demonstrated that the NCP was materially incorrect. Employer's argument that Claimant's right carpal tunnel symptoms were not present on May 13, 2015, is effectively a challenge to the WCJ's decision to credit Dr. Osterman's testimony on causation. Such an argument is beyond our scope of review. *Minicozzi v. Workers' Compensation Appeal Board (Industrial Metal Plating, Inc.)*, 873 A.2d 25, 28-29 (Pa. Cmwlth. 2005).

Next, we address Claimant's appeal. Claimant argues that the WCJ's finding that Claimant had fully recovered is not supported by substantial evidence. We disagree.

In a termination petition, the employer bears the burden of establishing either that the claimant's disability ceased or that any remaining disability is unrelated to the work injury. *Gillyard v. Workers' Compensation Appeal Board (Pa. Liquor Control Board)*, 865 A.2d 991 (Pa. Cmwlth. 2005). An employer may satisfy this burden by submitting unequivocal medical evidence that the claimant fully recovered from the work-related injury. *Westmoreland County v. Workers' Compensation Appeal Board (Fuller)*, 942 A.2d 213 (Pa. Cmwlth. 2008).

8

"The WCJ's authority over questions of credibility, conflicting evidence and evidentiary weight is unquestioned[,]" and this Court is "bound by the WCJ's credibility determinations." *Minicozzi*, 873 A.2d at 28-29. Additionally, "[i]t is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the critical inquiry is whether there is evidence to support the findings actually made." *Id.* at 29 (quoting *Delaware County v. Workers' Compensation Appeal Board (Baxter Coles)*, 808 A.2d 965, 969 (Pa. Cmwlth. 2002)). The question is whether the record contains evidence that "a reasonable person might find sufficient to support the WCJ's findings[.]" *Id.*

The WCJ held that Claimant was fully recovered. Dr. Osterman's testimony established that Claimant's symptoms from her right side carpal tunnel syndrome had resolved by April 1, 2016. Although Dr. Osterman stated that Claimant's right hand and wrist were "nearly recovered," Dr. Osterman also "credibly testified that all of the Claimant's right-sided symptoms had resolved at several points of her depositional testimony and by April 1, 2016." WCJ Decision at 8, Finding of Fact No. 27. "Whether expert testimony is equivocal is a question of law that is fully subject to this Court's review. When making that determination, we must examine the entire testimony of a witness as a whole and not rely upon a fragment of testimony removed from its context." *Inservco Insurance Services v. Workers' Compensation Appeal Board (PureFoey)*, 902 A.2d 574, 579 (Pa. Cmwlth. 2006) (citations omitted). A review of Dr. Osterman's entire testimony reveals that her opinion regarding Claimant's right-sided recovery was unequivocal. The WCJ accepted Dr. Osterman's opinion based on her status as a treating physician.

Employer's independent medical examination physician, Dr. Kirkpatrick, testified that Claimant recovered from her left side wrist sprain by

9

September 14, 2015, and her left side carpal tunnel syndrome by December 21, 2015. The WCJ credited Dr. Kirkpatrick's testimony based on his clinical examinations. Further, Dr. Osterman's examinations on certain dates supported Dr. Kirkpatrick's opinion that Claimant recovered from her left side injuries.

In discharging her duty to assess the credibility of witnesses, resolve conflicts in evidence, and assess evidentiary weight, the WCJ concluded that Employer sustained its burden in proving that Claimant recovered from her work-related injuries. Because the record contains substantial evidence to support these findings, we decline to disturb them on appeal.

For the reasons stated above, the Court affirms the Board's decision.

_____
MARY HANNAH LEAVITT, President Judge

Judge Fizzano Cannon did not participate in the decision in this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Josepha Saint-Val, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1755 C.D. 2017 |
| | : | |
| Workers' Compensation Appeal Board | : | |
| (Mercy Health System), | : | |
| Respondent | : | |
| | | |
| Mercy Health System, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1808 C.D. 2017 |
| | : | |
| Workers' Compensation Appeal Board | : | |
| (Saint-Val), | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 11th day of September, 2018, the order of the Workers' Compensation Appeal Board dated October 26, 2017 in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge