652 A.2d 802

**Michael W. MOORE**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD.**

**Appeal of READING PAPERBOARD CORPORATION.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 1994.

Decided Jan. 13, 1995.

334

Andrew E. Greenberg, Kenneth M. Porter, for Reading Paperboard Corp.

David R. Beane, for M.W. Moore.

Norman R. Haigh, Secretary, for W.C.A.B.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

ZAPPALA, Justice.

We granted allocatur in this case to decide whether the Commonwealth Court erred in determining that Appellant, Reading Paperboard Corporation, failed to meet its burden of proof that Appellee Michael W. Moore's post-injury wages exceeded his pre-injury wages and, therefore, that the referee's findings of fact relating to Appellee's earnings were not supported by substantial evidence, 535 Pa. 671, 634 A.2d 1118. Because Appellant met its burden of proof by producing competent evidence in support of its position, the referee's findings of fact are supported by substantial evidence.[1] We now reverse the order of the Commonwealth Court.

Appellee sustained a lumbosacral strain on August 5, 1986, while employed as a machine "screen man" with Appellant. Thereafter, Appellee received benefits pursuant to a notice of compensation payable based on a pre-injury wage of $514.66 per week. On March 14, 1988, Appellant filed a petition for termination, suspension, or modification. Simultaneously, Appellant requested supersedeas which the referee granted in June of 1988.

1. Appellant also raises the issue of whether the Commonwealth Court erred by failing to remand the case back to the referee for a determination of Appellee's earning power. However, we need not address this issue because our resolution of the first issue is dispositive.

Following hearings on the petition, the referee issued a decision and order circulated July 11, 1989, which granted Appellant's request for a modification of benefits, reducing Appellee's entitlement from $343.11 per week to $229.77 per week as of October 14, 1987, and suspending Appellee's entitlement to benefits as of January 1, 1988. With regard to the suspension of benefits, the referee made the following relevant findings of fact:

4. [Employer] presented video movies showing the claimant had begun work operating his own business. These movies showed claimant bending, walking, carrying, twisting, and driving a truck without displaying any difficulties.

5. [Employer] presented the newspaper ads which claimant placed advertising claimant's business of papering, insulating, decks built and home repair, which indicates that claimant operated a business as of November 4, 1987.

6. [Employer] presented claimant's [1988 federal income] tax return which shows that claimant had a gross profit of $26,863.00 for the year 1988 which is $516.60 per week. In addition, claimant testified that he had earnings of $600–$700 per week since January 1, 1988.

8. After careful review of the evidence in the record this Referee finds: . . . (4) That on January 1, 1988 claimant had returned to the work force without a loss of earnings and compensation is suspended effective January 1, 1988.

Appellee appealed that portion of the referee's decision and order suspending his entitlement to benefits as of January 1, 1988. The Workmen's Compensation Appeal Board (Board) in an opinion and order dated January 8, 1991, remanded the case back to the referee for the purpose of clarifying the basis for the determination that Appellant is entitled to a suspension of benefits.

On remand, the referee conducted a hearing limited to the area of inquiry addressed by the Board. No additional evidence was submitted. In a decision and order dated July 31, 1991, which reaffirmed his original decision, the referee made the following additional findings of fact:

8. The Referee finds from a review of the evidence that at least as early as November 1987 claimant was conducting business as Moore's Contracting Company. The Referee further finds that in conducting his business, claimant performs interior and exterior painting, door realignment, dry wall finishing, wallpaper hanging and minor carpentry as well as all of the administrative tasks associated with operating a business.

9. The Referee finds from a review of the evidence that claimant has not presented accurate information regarding his work as a contractor. Specifically, the Referee finds that claimant's "net profit" figure contained in his 1988 income tax return does not accurately reflect the earnings that he generates as a contractor and finds that the "gross income" figure of $26,863.00 (which equals $516.60 per week) contained in his tax return is a more accurate reflection of his earning power. In addition, upon close review of his income tax records, the Referee finds that the foregoing figure of $516.60 per week is a conservative calculation of claimant's present earning capacity.

10. The Referee finds from a review of the evidence that in light of the fact that claimant operates his contracting business out of his home, that his business telephone is also his regular home telephone, that his business pickup truck is the only motor vehicle that he owns and that his financial information reflects deductions for office expenses, telephone expenses, trash removal, rent business property, truck expenses and depreciation, that a significant portion of claimant's expenses are not in fact business-related. Accordingly, the "gross income" figure of $26,863.00, which the Referee finds equals claimant's gross sales less than [sic] the costs of goods and/or operations, plus other income, represents a conservative estimate of claimant's earning power.

11. The Referee finds from a review of all of the evidence, including claimant's financial records, that the figure of

338

$600.00 to $700.00 per week referred to by claimant during his testimony of June 1, 1988 accurately describes his weekly wage in conducting his contracting business. The Referee rejects claimant's claim that his use of this figure describes his weekly gross sales.

On appeal, the Board affirmed the referee's decision and order, concluding that "[a]n examination of the entire record in the instant matter indicates that the Referee's findings of fact are properly supported by substantial evidence and his Conclusions of Law properly employ the applicable principles of law."

The Commonwealth Court, in a memorandum opinion and order, reversed the order of the Board. The court analyzed the referee's supplemental Findings of Fact Number Nine, Ten, and Eleven and concluded that the employer failed to meet its burden to produce competent evidence in support of its position that claimant's post-injury wages exceeded his pre-injury wages. As such, according to the court, Findings of Fact Number Nine, Ten and Eleven, which related to the claimant's earnings, were not supported by substantial evidence. *Michael W. Moore v. Workmen's Compensation Appeal Board (Reading Paperboard Corporation)*, Commonwealth Court Slip Opinion pp. 7–8. The court's analysis is fatally flawed.

The standard of review applicable to such cases has been firmly established by this Court and is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or any findings of fact are not supported by substantial evidence. *City of Harrisburg v. Workmen's Compensation Appeal Board (Gebhart)*, 532 Pa. 592, 616 A.2d 1369 (1992) and *Bethenergy Mines v. Workmen's Compensation Appeal Board (Skirpan and Consolidated Coal Co.)*, 531 Pa. 287, 612 A.2d 434 (1992). Where, as here, the Board takes no additional evidence, the ultimate factfinder is the referee whose findings of fact, if supported by substantial evidence, must be accepted. *Croll v. Workmen's Compensation Appeal Board (Dorr–Oliver, Inc.)*, 511 Pa. 79,

84, 511 A.2d 1311, 1313 (1986). Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bethenergy Mines,* supra at 531 Pa. 287, 612 A.2d 434.

The Commonwealth Court found that the referee, in Finding of Fact Number Nine, incorrectly placed the burden of proof on Appellee in determining that he had not presented accurate information regarding his work as a contractor. Additionally, the court determined that although Appellee's Exhibit C–2 (Appellee's 1988 federal tax return) was admitted into evidence, there was no testimony in the record supporting the referee's finding that Appellee's "net profit" does not accurately reflect Appellee's earnings.

Appellant argues that the Commonwealth Court erred with respect to Finding of Fact Number Nine because the referee did not shift the burden of proof to Appellee but instead, as the ultimate factfinder, merely weighed the evidence and determined that Appellee had not presented accurate information regarding his work as a contractor. Appellant points to the balance of the finding, where the referee rejected the net profit figure in Appellee's 1988 tax return in favor of the gross income figure of $26,863.00 as more accurately reflecting Appellee's earning power, as demonstrating that the finding was based on a weighing of the evidence. Furthermore, Appellant claims that Conclusion of Law Number Three and the order issued by the referee in support of the suspension of benefits clearly indicate that Appellant satisfied its burden of proof.[2]

2. In relevant part the Conclusions of Law and Order provide as follows:
   Conclusions of Law:
   3. [Appellant] has established that [Appellee] was capable of returning to the work force without wage loss as of January 1, 1988, and is therefore entitled to suspend [Appellee's] benefits as of that date.
   ORDER:
   AND NOW, this 31st day of July, 1991, it is hereby ordered and decreed that having met its burden of proof, [Appellant] may suspend [Appellee's] disability benefits as of January 1, 1988.

The plain language of Finding of Fact Number Nine reveals that the referee did not shift the burden of proof to Appellee but instead merely weighed the evidence as the ultimate factfinder and determined that Appellee had not presented accurate information regarding his work as a contractor. This is borne out by the second sentence of the finding, which provides:

Specifically, the Referee finds that [Appellee's] "net profit" figure contained in his 1988 income tax return does not accurately reflect the earnings that he generates as a contractor and finds that the "gross income" figure of $26,-863.00 (which equals $516.60 per week) contained in his tax return is a more accurate reflection of his earning power.

Contrary to Commonwealth Court's determination, examination of the record reveals that there was testimony supporting the referee's finding that Appellee's "net profit" does not accurately reflect his earnings. Furthermore, the referee, as the ultimate factfinder, also examined the Appellee's income tax records and found that the foregoing figure of $516.60 per week was a conservative calculation of Appellee's present earning capacity.

For these reasons, the referee's Finding of Fact Number Nine is supported by substantial evidence, and therefore it must be accepted.

█ Next, the Commonwealth Court concluded as to Finding of Fact Number Ten that the referee engaged in speculation as to the propriety of the claimed business deductions because he had no evidence to support his determination that Appellee's deductions were improper. The court's examination of the record disclosed that Appellant had not met its burden of producing evidence as to whether these deductions were improper.

The record reveals that the referee did not engage in speculation as to the propriety of Appellee's claimed business deductions. This is because there was relevant evidence introduced as to these deductions. During cross-examination, Appellee confirmed *inter alia* that he operates his business

out of his home, that his business phone is also his home phone, and that his business pick-up truck is the only motor vehicle he owns. R. 8a, 9a and 13a. For this reason, Finding of Fact Number Ten is supported by substantial evidence, and therefore it must be accepted.

██ The Commonwealth Court also determined that Finding of Fact Number Eleven is unsupported by substantial evidence.

On cross-examination of Appellee, the following exchange occurred:

[Appellant's attorney:] Can you estimate how much your business earns on a weekly basis?

[Appellee's attorney:] Do you mean the business before he pays what he owes on the truck, before he pays the sub-laborer, before he pays for the materials? What are we talking about?

[Appellant's attorney:] I'm just talking about earnings. I'm not going to get into the accounting, what his expenses are. I'm just asking what his earnings are.

[The referee:] His earnings? I still don't know what you mean. Gross revenues to the business or what Mr. Moore earns?

[Appellant's attorney:] Well, Mr. Moore indicated it's his business; it's not a partnership and it's not a corporation. So he and the business, I would say, are basically one and the same. My question is, how much does the business generate on a weekly basis.

[Appellee:] I would have to put an average and it would be an average of about $600.00 to $700.00 a week.

R. 9a–10a.

Appellee claims that his testimony on cross-examination did not show that he received weekly wages of $600.00 to $700.00. Rather, his testimony showed that his business generated weekly revenue in the range of $600.00 to $700.00. Based on the plain language of Appellant's questions, the court could not say that Appellee's answer constituted substantial evi-

342

dence that he personally received a weekly wage of $600.00 to $700.00.

Appellant counters by stating that the referee, as the ultimate factfinder, could accept or reject Appellee's testimony. Appellant argues that even if one accepts Appellee's position that his testimony showed that his business generated weekly revenue of $600.00 to $700.00, these figures, when annualized, are $31,200.00 to $36,400.00, which do not comport with the $74,910.00 gross receipts or sales figure shown on Schedule C of Appellee's 1988 U.S. Individual Income Tax Return Form 1040.

Because the referee, as the ultimate factfinder in this case, must weigh the testimony and resolve inconsistencies, Appellee's testimony as to his weekly income would be adequate to support the referee's conclusion that the figure of $600.00 to $700.00 per week accurately describes Appellee's weekly wage in conducting his contracting business. For this reason, Finding of Fact Number Eleven is supported by substantial evidence, and therefore it must be accepted.

■ It is well established in workmen's compensation cases that the Commonwealth Court may not reweigh evidence and substitute its judgment for that of the referee. *Vitelli v. Workmen's Compensation Appeal Board (St. Johnsbury Trucking Co.)*, 157 Pa.Commw. 589, 630 A.2d 923 (1993).

The Commonwealth Court impermissibly reweighed the evidence in this case and substituted its judgment for that of the referee, who was the ultimate factfinder. This was error.

The order of the Commonwealth Court is reversed and the Order of the Workmen's Compensation Appeal Board is reinstated.

MONTEMURO, J., is sitting by designation.