**BI–THOR ELECTRIC, INC., Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (THORNTON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 10, 1997.

Decided Nov. 18, 1997.

---

Sherri L. Dougherty, Philadelphia, for petitioner.

John L. Lachall, West Chester, for respondent.

Before COLINS, President Judge, FRIEDMAN, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Bi–Thor Electric, Inc. (Employer or Corporation) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) denying Employer's petition to terminate or suspend William Thornton's (Claimant) benefits. We affirm.

Claimant, an electrical contractor, is the joint owner with his wife of the Corporation. On July 20, 1990, Claimant sustained a work-related injury for which he received benefits pursuant to a Notice of Compensation Payable. Claimant's compensation rate of $419.00 was based on an average weekly salary of $700.00. Over the next several years, the parties entered into a number of Supplemental Agreements, the last of which was dated July 30, 1993. At that point Claimant had returned to work on a half time basis, receiving benefits at the rate of $233.33.

On March 1, 1994, Employer filed a petition to terminate/suspend benefits. Employer alleged that as of November 1, 1993, Claimant had fully recovered from his work-related injury or, in the alternative, had returned to work at a wage equal to or greater than his pre-injury wage.

In support of its petition, Employer presented the deposition testimony of Noubar A. Didzian, M.D. Employer also entered into evidence various financial documents of the Corporation. These included Claimant's W–2 wage and tax statements with the Corporation's payroll ledger sheets, verbal and written quotes submitted to potential customers, bank statements, federal corporate income tax returns for the years 1990, 1991 and 1992, and records of cash disbursements, cash receipts and petty cash monthly summaries for the years 1990 through part of 1994. In response, Claimant testified on his own behalf and submitted the deposition testimony of Martin A. Cohen, M.D., Claimant's treating physician.

The WCJ accepted the testimony of Claimant's medical expert as more credible and persuasive than that of Employer's, finding that Claimant had not fully recovered from his work-related injury. Consequently, the WCJ concluded that Employer had not met the burden of proof required to have Claimant's benefits terminated. As for the suspension portion of the petition, the WCJ formulated the following findings of fact relating to Claimant's work history and financial situation:

12. The Claimant's July 20, 1990 injury ongoing to the present caused and continues to cause the Claimant a loss of wages through his loss of bids and/or inability to bid on jobs for his electrical contracting business due to the limited hours to which he is restricted ....

13. The Claimant's testimony is persuasive and accepted as credible. It is persuasive based on his work history and experience that puts him in a position to know within his limitations what he can or cannot do, which affects his ability to bid

or not bid on jobs for the jointly owned Electrical contract business [.]

14. The evidence submitted in Findings of Fact number seven (a)(b)(c)(d)(e) has been read and considered in its entirety.[1] The substantial financial records related to the operation of Bi-Thor Electric Inc., do not reflect and [sic] increase in the Claimant's earnings since November 1, 1993. The records reflect a substantial and significant decrease in earnings. The Claimant has not earned more than before his July 20, 1990 work injury. The records are accepted for what they are worth but when in conflict with the Claimant's testimony as to his earnings since November 1, 1993 the Claimant is given the greater weight for belief.

(WCJ's decision, Reproduced Record, p. 372a). As a result of these findings, the WCJ concluded that Employer "failed to meet its burden of proof that the Claimant returned to work on November 1, 1993 at wages greater than or equal to his July 20, 1990 average weekly wage of $700.00." *Id.*

On appeal, the Board affirmed the WCJ's denial of the termination petition, concluding that the medical testimony believed by the WCJ supported the finding that Claimant had not fully recovered from his work-related injury. The Board also concluded that substantial evidence supported the finding that Claimant's average weekly wage after November 1993, was less than Claimant's pre-injury average weekly wage. Therefore, the Board also affirmed the WCJ's denial of Employer's suspension petition.

Employer now appeals to this Court,[2] arguing that the WCJ erred in disregarding substantial evidence that Claimant, as the sole shareholder of the Corporation, was earning more than his pre-injury wage of $700.00 per week after November 1, 1993. Specifically, Employer argues that the WCJ failed to consider the gross income of the Corporation where the evidence shows that Claimant as the sole shareholder had complete control over the amount that he was paid as an employee.

Employer relies on *Moore v. Workmen's Compensation Appeal Board,* 539 Pa. 333, 652 A.2d 802 (1995), for the proposition that a suspension of benefits is appropriate where the claimant returns to self-employment and the gross revenue of the business, and not its net earnings, is equal to or greater than the claimant's pre-injury wage. This is not an accurate statement of the law espoused in *Moore.*

The claimant in *Moore* was a sole proprietor, who conducted a business performing painting, papering, carpentry and other home repairs. In addition to the information contained in the claimant's tax returns, the claimant testified about the amount of his earnings. The WCJ found that the gross income amount rather than the net profit amount shown on the claimant's tax return was a more accurate reflection of the claimant's earnings. This determination stemmed from the finding that claimant operated his business out of his home and took deductions for office expenses, telephone, trash removal and vehicle expenses, etc. Thus, the WCJ found that the claimant's gross sales less the costs of goods and/or operations, plus other income, represented a conservative estimate of the claimant's earning power. The WCJ also credited the claimant's statement that he had earnings of about $600.00 to $700.00 a week as reflecting his weekly wage rather than that this figure described his weekly gross sales.

1. The WCJ's Finding of Fact No. 7 lists the financial information entered into evidence by Employer, including the bank statements, tax returns, etc.

2. Our scope of review in workers' compensation appeals is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensa-*

*tion Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988). Where, as here, the Board takes no additional evidence, the ultimate fact finder is the WCJ whose findings of fact, if supported by substantial evidence, must be accepted. *Moore v. Workmen's Compensation Appeal Board,* 539 Pa. 333, 652 A.2d 802 (1995). Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

The *Moore* court did not hold that the WCJ must use the gross revenues of a claimant's business to determine a claimant's average weekly wage. Rather the *Moore* court held that after making credibility determinations, the WCJ's findings of fact, if based on substantial evidence, should be upheld. Neither the Board nor an appellate court can reweigh the evidence when reviewing a case on appeal. *Id.* Having found that substantial evidence supported the WCJ's findings that the gross revenues of the claimant's business more accurately reflected the claimant's average weekly wage, the *Moore* court held that the WCJ's decision suspending benefits should not have been reversed by the Board. The suspension petition had been properly granted by the WCJ, because the WCJ's finding that the claimant's average weekly wage exceeded his pre-injury wage was based on substantial evidence.

Here, the WCJ came to the opposite conclusion. Despite Employer's allegations: (1) that Claimant had the requisite control to disguise profits by transferring funds, (2) that Claimant took deductions similar to those taken by the claimant in *Moore,* and (3) that gross receipts for the years after Claimant's injury reflected gross weekly income larger than Claimant's pre-injury average weekly wage, the fact remains that the WCJ believed Claimant's testimony.

Moreover, the documentary evidence shows that the corporate gross sales, the compensation of officers, and Claimant's W–2 all reflect a decrease in the earnings of the Corporation and of Claimant individually. Furthermore, we note that in *Moore* the claimant was a sole proprietor and had no employees. Here Claimant and his wife jointly owned the shares in the Corporation. Both worked for the Corporation, as did another employee. Additionally, no evidence was presented to support Employer's allegations that Claimant's tax returns contained deductions for personal expenses, i.e., for personal use of the Corporation's truck and telephone.

Therefore, being bound by the holding in *Moore,* we will not overturn the Board's order affirming the denial of Employer's suspension petition. Our review of the record reveals that substantial evidence supports the WCJ's findings and his resulting conclusions.

Accordingly, we affirm the Board's order.

### ORDER

NOW, November 18, 1997, the order of the Workers' Compensation Appeal Board, at No. A95–3495, dated May 8, 1997, is affirmed.