**ACME MARKETS, INC., Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BROWN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 7, 2005.

Decided Jan. 3, 2006.

Charles S. Katz, Jr., Philadelphia, for petitioner.

Thomas F. Sacchetta, Media, for respondent.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Acme Markets, Inc. (Employer) petitions this Court to review an order of the Workers' Compensation Appeal Board (Board) dismissing its appeal and reinstating a claim for partial disability benefits filed by Stephen Brown (Claimant). In doing so, the Board affirmed the decision of a Workers' Compensation Judge (WCJ) granting Claimant's reinstatement petition. In this case we consider whether the WCJ

properly considered Claimant's net income rather than gross income from self-employment in determining Claimant's earning power.

Claimant is a former produce department manager for Employer. He sustained a work-related injury to his shoulder on May 17, 1988, and began receiving disability benefits pursuant to a Notice of Compensation Payable. Those benefits were suspended as of November 30, 1988, when Claimant returned to his pre-injury job with no loss of earnings. Claimant also began working part-time as an independent real estate appraiser in 1992. He continued working for Employer until December 14, 1996, when he quit that job because of pain in his arm and shoulder. Claimant continued working as a real estate appraiser following his separation from Employer.

In 1997, Claimant filed a reinstatement petition alleging that as of December 14, 1996, he was incapable of returning to his pre-injury position with Employer. The matter was assigned to a WCJ, who awarded Claimant total disability benefits as of December 14, 1996, and continuing based on Claimant's pre-injury average weekly wage of $720.94. The WCJ awarded Employer a credit for Claimant's earnings as a self-employed real estate appraiser. The WCJ based Employer's credit on Claimant's net income as shown on his filed income tax returns. Employer objected to the use of Claimant's net income, as opposed to his gross income, and appealed to the Board on that basis.

On review, the Board concluded that the critical issue in determining Claimant's true earning capacity was whether his gross income or net income more accurately reflected his earnings from self-employment. The Board found that the record was devoid of evidence on this issue and remanded the matter to the WCJ for further findings with regard to Claimant's earning power from December 14, 1996, forward.

On remand, the WCJ considered Claimant's deposition testimony taken August 2, 2000. Claimant testified that he began working as a self-employed real estate appraiser in December 1996 and that he is paid a fee for each appraisal that he performs. Claimant operates the business out of his home. The gross income from Claimant's business was $50,758 in 1997, $76,435 in 1998, and $68,775 in 1999. Claimant took deductions for various business expenses each year, including postage, film developing, professional dues, supplies and computer equipment. Claimant stated that all of the expenses that he claimed on his tax returns were accurate and incurred in connection with his appraisal business.

Claimant also testified that his wife is the secretary/bookkeeper for the business, and that her duties include compiling reports, entering data and completing the billing; she works full-time during the week and also works evenings and weekends. Claimant paid his wife $25,000 in 1997, $38,000 in 1998, and $34,388 in 1999. He deducted her salary from his gross income as a subcontractor expense. According to Claimant, his wife performs the work of two people and her salary accurately reflects what he would have had to pay to outside employees hired to do the same amount of work. As a result of Claimant's business expense deductions, including his wife's salary, Claimant's net income from his business was $6,739 in 1997, $14,926 in 1998, and $15,569 in 1999.

Employer offered the deposition testimony of Carole G. Fisher, a certified rehabilitation counselor and an expert in the field of vocational counseling. Fisher conducted a wage survey for the occupations of real estate appraiser, secretary and

bookkeeper in the Philadelphia region for the years 1997, 1998 and 1999. Fisher testified that real estate appraisers earned, on average, $40,780 in 1997, $64,020 in 1998, and $62,000 in 1999. She indicated that secretaries in the region earned, on average, $25,460 in 1997, $26,900 in 1998, and between $16,640 and $28,000 in 1999. Bookkeeper salaries during the relevant time period ranged from $17,680 to $24,960.

The WCJ found Claimant's testimony credible regarding his actual earnings for 1997, 1998 and 1999. The WCJ found Fisher's testimony unconvincing and not appropriate with respect to Claimant. Accordingly, the WCJ granted Claimant's reinstatement petition and ordered that he be paid partial disability benefits in the amount of two-thirds of the difference between his pre-injury average weekly wage of $720.94 and his net earnings for the years 1997, 1998 and 1999. Employer again appealed to the Board, arguing that the WCJ erred by merely adopting Claimant's testimony regarding his net taxable income instead of determining whether Claimant's net or gross income more accurately reflected his earning power. Employer also challenged the WCJ's decision as unreasoned since it failed to explain adequately why its evidence was rejected.

The Board found that the WCJ had not capriciously disregarded evidence. The Board agreed with Employer, however, that the WCJ had failed to answer the determinative question of whether Claimant's net earnings or gross earnings accurately reflected his earning power. The

Board's order, dated January 14, 2003, remanded the matter for "the WCJ to make the necessary findings and conclusions regarding which income accurately reflects Claimant's earning power." R.R. 298a.

The WCJ rendered his most recent decision on August 26, 2003, without hearing any additional evidence. The WCJ summarized the factual and procedural history, as well as Claimant's testimony regarding his gross income for 1997, 1998 and 1999, and his business expense deductions for those years, including $34,388 for his wife's salary as a secretary/bookkeeper for 1999. The WCJ found Claimant "to be credible that his net earning accurately reflects his profit from self-employment. The Claimant's testimony is supported by each year's income tax." WCJ Opinion at 1. The WCJ concluded that "Claimant's earning power is more accurately represented by his net income rather than his gross income," and, accordingly, granted Claimant's reinstatement petition. WCJ Opinion at 2.[1] Employer appealed to the Board, which affirmed on May 20, 2005. Employer now petitions this Court to review the Board's order.[2]

Presently, Employer argues that the WCJ erred by relying on Claimant's net earnings, as opposed to his gross earnings, in assessing Claimant's earning power. In support, Employer offers several arguments that we consider *seriatim*.

Employer argues, first, that there was not substantial, competent evidence to support the WCJ's determination that Claimant's net income, rather than his gross

1. The WCJ also found that Employer's contest was reasonable and denied Claimant's penalty petition. Claimant has not appealed that determination.

2. Our scope of review in workers' compensation appeals is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bi–Thor Electric, Inc. v. Workers' Compensation Appeal Board (Thornton)*, 702 A.2d 1145, 1147 n. 2 (Pa.Cmwlth.1997).

income, more accurately reflected Claimant's earning power from self-employment. Employer avers that the amount Claimant deducted for his wife's earnings during 1997, 1998 and 1999 resulted in artificially low net earnings for those years, and that other business expenses deducted by Claimant were unsupported by any documentation. Given these factors, Employer contends that Claimant's gross income was a more accurate indicator of his earning power. Therefore, because Claimant's gross income exceeded his pre-injury average weekly wage, Claimant was not entitled to reinstatement of benefits. We disagree.

■ Under Section 306(b)(1) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 512(1),[3] a claimant who has returned to work with a loss of earning power attributable to his injury is entitled to partial disability benefits. Where a claimant does not return to work with his pre-injury employer but becomes self-employed, the critical issue in determining his earning power is whether his gross income or net income more accurately reflects his earnings from self-employment. This issue is a question of fact to be determined by the WCJ. *Bi–Thor Electric, Inc. v. Workers' Compensation Appeal Board (Thornton),* 702 A.2d 1145 (Pa.Cmwlth. 1997). The WCJ's findings of fact on the issue of earning power, if supported by substantial evidence, must be accepted. *Moore v. Workmen's Compensation Appeal Board,* 539 Pa. 333, 338, 652 A.2d 802, 805 (1995).[4] Questions of credibility and weight of the evidence are within the province of the WCJ, who is free to accept or reject the testimony of any witness, including an expert, in whole or in part. *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck),* 664 A.2d 703, 706 (Pa.Cmwlth.1995).

■ Here, the WCJ credited Claimant's testimony that his net earnings accurately reflected his actual earnings from self-employment. Claimant explained the various business expense deductions indicated on his tax returns and stated that all of the claimed expenses were accurate and incurred in connection with his appraisal business. Claimant supported the deductions for his wife's salary by explaining, in detail, the duties she performs on a fulltime, daily basis. Notably, Claimant stated that his wife performed the work of two people, and that her salary is commensurate with her efforts. Claimant's credited testimony is substantial evidence that his net income, rather than his gross income, reflects his earning power for purposes of the Act.

■ Next, Employer argues that the WCJ capriciously disregarded the testimony of its vocational expert, Carole Fisher. Review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court. *Leon E. Win-*

---

3. Section 306(b)(1) of the Act sets forth a schedule of compensation for disability partial in character. It provides, in pertinent part, as follows:

For disability partial in character caused by the compensable injury or disease ... sixty-six and two-thirds per centum of the difference between the wages of the injured employe ... and the earning power of the employe thereafter; but such compensation shall not be more than the maximum compensation payable. This compensation shall be paid during the period of such partial disability ... but for not more than five hundred weeks.

77 P.S. § 512(1).

4. Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Moore,* 539 Pa. at 339, 652 A.2d at 805.

*termyer v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 203, 812 A.2d 478, 487 (2002). Capricious disregard has been described as a deliberate disregard of competent evidence which one of ordinary intelligence could not possibly have avoided in reaching a result. *Arena v. Packaging Sys. Corp.*, 510 Pa. 34, 38, 507 A.2d 18, 20 (1986). This limited aspect of appellate review is not to be applied in such a manner as would intrude upon the agency's fact-finding role and discretionary decision-making authority. *Wintermyer*, 571 Pa. at 204, 812 A.2d at 487–488.

We disagree with Employer's assertion that the WCJ capriciously disregarded Fisher's testimony. In his decision of January 4, 2001, the WCJ contrasted Claimant's testimony regarding his actual earnings and his wife's salary against the results of Fisher's wage survey and concluded that Fisher's testimony was not "appropriate as it applies to Claimant." R.R. 277a. This is not capricious disregard. Further, we cannot say that the WCJ abused his discretionary decision-making authority in making that determination. As a self-employed real estate appraiser, Claimant is paid on a fee-per-job basis, making it difficult to compare his yearly salary with Fisher's regional average, which presumably included appraisers who are not self-employed. Claimant's wife's earnings are unusual insofar as they represent remuneration for two different job functions: secretary and bookkeeper. Fisher's survey looked at those occupations separately.

Finally, we consider Employer's argument that the WCJ's decision was not a reasoned one. Section 422 of the Act provides that "[a]ll parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the deci-

sions." 77 P.S. § 834. A decision is "reasoned" for purposes of Section 422 if it allows for adequate review by this Court under applicable review standards. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 574 Pa. 61, 76, 828 A.2d 1043, 1052 (2003).

As noted above, the WCJ adequately explained his rationale for rejecting Fisher's testimony. However, Employer also argues that the WCJ "selectively omitted" Claimant's testimony that he waited until the end of each tax year to determine his wife's salary, and failed to note that Claimant offered no documentation to support his other claimed business expenses. Employer's Brief at 17–18. These so-called omissions pertain to Claimant's credibility and the weight to be accorded his testimony, both of which are matters within the exclusive province of the WCJ. We will not usurp the role of the WCJ by revisiting these evidentiary issues. A reasoned decision does not require the WCJ to give a line-by-line analysis of each statement by each witness, explaining how a particular statement affected the ultimate decision.

For these reasons, the decision of the Board is affirmed.

## ORDER

AND NOW, this 3rd day of January, 2006, the order of the Workers' Compensation Appeal Board dated May 20, 2005, in the above-captioned matter is hereby affirmed.