IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Savoy, : 
               Petitioner : 
           : 
          v. : No. 2613 C.D. 2015
           : Submitted: June 17, 2016
Workers' Compensation Appeal : 
Board (Global Associates), : 
            Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge

OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: August 25, 2016

Christopher Savoy (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) denying his claim petition under the Pennsylvania Workers' Compensation Act.[1] In doing so, the Board affirmed the decision of the Workers' Compensation Judge (WCJ), who found that Claimant's claim fell within the exclusive jurisdiction of the federal Longshore and Harbor Workers' Compensation Act (Longshore Act).[2] We affirm.

Claimant was employed by Global Associates (Employer) as an electrician assigned to work on United States Navy vessels at the Philadelphia Navy Yard. On September 11, 2013, Claimant was walking along a passageway on the USS Stephen Groves when he tripped and twisted his right knee. On January 10, 2014, Claimant filed a claim petition stating he had sustained a torn right lateral meniscus. Claimant sought temporary total disability benefits from

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

[2] 33 U.S.C. §§901-950 (2014).

October 9, 2013, and ongoing. Employer filed a timely answer denying the material allegations in the claim petition. The matter was assigned to a WCJ.

At a hearing on September 3, 2014, the parties stipulated that Claimant had been receiving benefits for his injury under the Longshore Act. The matter was bifurcated to address whether Claimant was entitled to concurrent compensation under the Workers' Compensation Act, or whether the Longshore Act benefits were exclusive. Claimant asserted that there was concurrent jurisdiction, entitling him to benefits under the Workers' Compensation Act.

At a deposition on May 20, 2014, Claimant testified that at the time of the injury the ship was located inside the basin of the Navy Yard, on the water. His testimony is as follows:

> [Counsel for Employer]: Mr. Savoy, on 9/11/2013, you said that you were an electrician working on a ship, correct?
>
> [Claimant]: Yes ma'am.
>
> * * *
>
> [Counsel for Employer]: I presume it was docked at the Navy Yard?
>
> [Claimant]: Yes, ma'am.
>
> [Counsel for Employer]: [W]as that on the Delaware River?
>
> [Claimant]: It's inside the basin, yes, ma'am, at the Navy Yard.
>
> [Counsel for Employer]: So, it's actually on the water?
>
> [Claimant]: Yes, ma'am.
>
> [Counsel for Employer]: Okay. And the passageway that you tripped and fell, it was inside the ship, correct?
>
> [Claimant]: Yes, ma'am.

2

Notes of Testimony, 5/20/2014, at 13 (N.T. __).

The WCJ found Claimant's testimony credible to establish that the USS Stephen Groves was on the navigable waters of the United States at the time of his work injury. Based on this testimony, the WCJ held that Claimant's claim fell exclusively within the federal Longshore Act and that he was not entitled to benefits under the Workers' Compensation Act. Claimant appealed.

The Board affirmed the WCJ's decision, holding that Claimant's testimony established the crucial fact that the ship was "on the water" at the time of Claimant's injury, as opposed to in dry dock, which would have triggered concurrent jurisdiction under the Workers' Compensation Act. The Board explained that

> Claimant knew that the instant case turned on the issue of whether there was concurrent jurisdiction under the [Longshore Act] and the [ ] Workers' Compensation Act and, thus, it was incumbent upon him to present evidence to prove the position, which he raised in his Appeal and brief on Appeal, that his injury occurred while in dry dock, rather than on the navigable waters of the United States.

Board Opinion at 5. Because the ship was "on the water" at the time of the injury, the Board affirmed the WCJ's decision that Claimant's remedy under the Longshore Act was exclusive. Claimant petitions for this Court's review.

On appeal,[3] Claimant argues there was insufficient evidence to establish that the ship was "on the navigable waters of the United States" when he

---

[3] On review this Court determines whether an error of law was committed, necessary findings of fact are supported by substantial evidence, or constitutional rights were violated. *Village Auto Body v. Workers' Compensation Appeal Board (Eggert)*, 827 A.2d 570, 572 n.4 (Pa. Cmwlth. 2003).

was injured, which, as discussed below, is the prerequisite for exclusive jurisdiction under the Longshore Act. He argues that the record is unclear as to the precise location of the ship within the Philadelphia Navy Yard at the time of injury; therefore, additional evidence is required to determine whether concurrent jurisdiction under the Workers' Compensation Act is proper. Accordingly, Claimant seeks a remand.

Employer responds that the record supports the WCJ's finding that the ship was "on the water" at the time of injury and, thus, the Longshore Act is exclusive. Employer maintains that Claimant is not entitled to a remand for the purpose of offering evidence that he should have produced at the first WCJ hearing. We agree.

Questions of credibility and weight of the evidence are within the province of the WCJ, who is free to accept or reject the testimony of any witness. *Acme Markets, Inc. v. Workers' Compensation Appeal Board (Brown)*, 890 A.2d 21, 25 (Pa. Cmwlth. 2006) (citation omitted). Here, the only evidence on the location of the ship when Claimant was injured was Claimant's deposition testimony. Claimant unequivocally stated that the ship was "on the water" at the time of his injury, which supports the WCJ's finding of fact on that issue.

This brings us to the legal question of whether Claimant was entitled to benefits under both the Workers' Compensation Act and the Longshore Act. An employee is entitled to benefits under the Workers' Compensation Act when he establishes that he suffered a work-related injury in Pennsylvania that occurred in the course of an employment relationship. Sections 101 and 301(c)(1) of the Workers' Compensation Act, 77 P.S. §§1, 411(1). Alternatively, an employee is entitled to benefits under the Longshore Act if he establishes that his disability is

4

the result of "an injury occurring upon the navigable waters of the United States." 33 U.S.C. §903(a).

We begin with a review of the law relevant to concurrent jurisdiction under the Longshore Act and a state workers' compensation act. This law developed in response to the confusion among claimants over whether to pursue benefits under state or federal law, leading to unnecessary legal expenses and the expiration of statutes of limitation.

In *Davis v. Department of Labor and Industries of Washington*, 317 U.S. 249, 256 (1942), the United States Supreme Court addressed this confusion by creating what is now commonly referred to as a "twilight zone" exception. Under this exception, concurrent jurisdiction between the Longshore Act and a state compensation act will lie if the injury occurs within a "twilight zone" where the employee is neither strictly maritime nor strictly land-based. In *Davis*, the Court held that a steelworker who was killed while dismantling a bridge over a navigable river was entitled to concurrent jurisdiction for his claim. Because his injury occurred over navigable waters while repairing a bridge, a non-maritime function, he fell within a "twilight zone" where relief under either compensation act was proper. *Id.*

Later, in 1972, Congress amended the Longshore Act to extend its jurisdiction slightly to include the following land areas: "adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel." 33 U.S.C. §903(a). The United States Supreme Court construed this landward extension of the Longshore Act as not preempting state workers' compensation laws that historically applied to land-based injuries but, rather,

allowing claimants to pursue relief under either compensation act. *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 722 (1980). If a claimant's injury is subject to the jurisdiction of either act, he may pursue benefits under either act. *Id.* at 725 n.8.[4]

Thus, the Longshore Act and the Workers' Compensation Act have each been legislatively extended into the other's once exclusive jurisdiction: the *Davis* "twilight zone" exception allows some injuries that occur over navigable waters to be compensable under the Workers' Compensation Act,[5] and the 1972 amendments to the Longshore Act, as construed in *Sun Ship*, allow some land-based injuries to be compensable under the Longshore Act.

What remains unchanged by *Davis* and *Sun Ship* is that maritime employees who are injured over navigable waters while performing traditionally maritime functions remain exclusively in the jurisdiction of the Longshore Act. *Wellsville Terminal Company v. Workers' Compensation Appeal Board (Zacharias)*, 632 A.2d 1305 (Pa. 1993). In *Wellsville*, the Pennsylvania Supreme Court held that Longshore Act jurisdiction was exclusive over a claim made by a welder who was injured while cleaning and repairing barges floating in the Ohio

---

[4] The Longshore Act contains a provision to prevent duplicate benefits for the same injury. It states:

> Notwithstanding any other provision of law, any amounts paid to an employee for the same injury, disability, or death for which benefits are claimed under this chapter pursuant to any other workers' compensation law … shall be credited against any liability imposed by this chapter.

33 U.S.C. §903(e).

[5] The "twilight zone" exception no longer exists in Pennsylvania. In 2014, the legislature amended Section 104 of the Workers' Compensation Act to exclude "persons subject to coverage under the Longshore and Harbor Workers' Compensation Act" from the definition of "Employe." Act of June 18, 2014, P.L. 762 No. 63, *as amended*, 77 P.S. §22. Accordingly, as of June 18, 2014, concurrent jurisdiction has been abolished. The amendment does not affect the present case because Claimant's injury occurred before its effective date.

River. The Court stated that "'[t]he outlines of a case of an injury received on navigable waters while engaged in essential repairs to an existing vessel have long been clear and distinct…. As to them there is no twilight.'" *Id.* at 1308 (citing *Flowers v. Travelers Insurance Company,* 258 F.2d 220, 228 (5th Cir. 1958)). The Court explained further that the mere tethering of a ship to land is not a sufficient nexus to classify activities on the ship as "land-based" and within the purview of the Workers' Compensation Act. *Id.* at 1308-09.

In the case *sub judice*, the evidence established that the ship on which Claimant was injured was located "on the water." Thus, the WCJ did not err in determining that the Longshore Act provided Claimant's exclusive remedy. The facts surrounding Claimant's injury do not support either of the concurrent jurisdiction scenarios. First, Claimant does not fit within the *Davis* "twilight zone" exception because he was injured while performing the traditional maritime function of ship repair while the vessel was "on the water." As to Claimant's activities on the USS Stephen Groves, there was no twilight. Second, Claimant does not fit within any landward extension of the Longshore Act, as he presented no evidence to suggest that the ship he was working on was on a graven dry-dock at the time of his injury; he stated the opposite. Claimant's deposition testimony regarding the location of the ship at the time of his injury supports one conclusion: Longshore Act jurisdiction is exclusive.

For all of the foregoing reasons, we affirm the Board's order.

_____
MARY HANNAH LEAVITT, President Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Savoy,                          :
                    Petitioner             :
                                           :
          v.                               :          No. 2613 C.D. 2015
                                           :
Workers' Compensation Appeal               :
Board (Global Associates),                 :
                    Respondent             :

**O R D E R**

AND NOW, this 25th day of August, 2016, the order of the Workers'
Compensation Appeal Board in the above-captioned matter dated November 25,
2015, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge