# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph B. Doerfler,                           :
                    Petitioner                :
                                              :
          v.                                  :     No. 1550 C.D. 2016
                                              :     SUBMITTED:  February 3, 2017
Workers' Compensation Appeal                  :
Board (Winegardner &                          :
Hammons, Inc.),                               :
                    Respondent                :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE LEADBETTER                                    FILED:  May 31, 2017


          Joseph B. Doerfler (Claimant), acting *pro se*, petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) (1) denying his petitions to review compensation benefits and review medical treatment and/or billing; and (2) granting two petitions to terminate compensation benefits filed by Winegardner & Hammons, Inc. (Employer) pertaining to his accepted lumbar spine sprain/strain and any alleged concussion or head injury.  In affirming, the Board clarified that the WCJ did not grant a termination of medical benefits for Claimant's accepted right shoulder injury and that, accordingly, Employer continued to be responsible for the payment of medical bills incident to that injury.  The sole issue on appeal is

whether the Board properly affirmed the WCJ's denial of Claimant's petition to add an alleged left shoulder injury to the description of his work-related injury. We affirm.

In pertinent part, the facts as found by the WCJ are as follows. A maintenance worker, Claimant suffered a work injury in February 2013 when he was shoveling snow and ice at the Cranberry Marriott Hotel and fell backwards. Pursuant to a March 2013 notice of compensation payable (NCP), Employer initially acknowledged a right shoulder injury and a lumbar spine sprain/strain. In July 2013, Claimant filed petitions to review compensation benefits and review medical treatment and/or billing alleging an incorrect injury description and seeking to expand the description to include a possible concussion with post-concussive syndrome as well as injures to his left shoulder and cervical spine. In October 2014, Employer filed: (1) a termination petition alleging full recovery from an accepted lumbar spine sprain/strain as of November 22, 2013; and (2) a second termination petition alleging full recovery from any alleged head injury or concussion that Claimant may have suffered as of June 30, 2014. Claimant filed answers denying the material allegations in both termination petitions. In June 2015, a compromise and release agreement was approved but it left open a decision on the parties' petitions concerning medical benefits.

Subsequently, the WCJ determined that Claimant's medical evidence did not support an expansion of the injury description to include a concussion or head injury, that his medical expert did not offer any evidence relative to his cervical complaints, and that he had fully recovered from his lumbar spine sprain/strain. Further, although the WCJ did not render a specific fact-finding or conclusion of law regarding the alleged left shoulder injury, she accepted as

2

credible the testimony of a medical witness who personally examined both of Claimant's shoulders and opined that his injury included only the right shoulder. The WCJ, therefore, denied Claimant's petitions and granted Employer's termination petitions. The Board affirmed, clarifying that there was no evidence supporting a full recovery from Claimant's accepted right shoulder injury and that the WCJ did not grant a termination of medical benefits for that injury.[1] Accordingly, in its affirmance, the Board emphasized that Employer was required to continue payment of medical bills incident to the right shoulder injury. Claimant's *pro se* petition for review to this Court followed.

As the party seeking to amend the injury description, Claimant was required to demonstrate that the injury accepted by Employer in the NCP does not reflect all of the work injuries sustained. *Jeanes Hosp. v. Workers' Comp. Appeal Bd. (Hass)*, 872 A.2d 159, 166-67 (Pa. 2005). "As in a claim petition, the claimant has the burden of proving all elements to support the claim for benefits." *Id*. at 169. In a claim petition proceeding, the claimant bears the burden of establishing his or her right to compensation and all of the elements necessary to support an award of benefits, including a causal relationship between a work-related incident and the alleged disability and the duration and extent of the disability alleged. *Rife v. Workers' Comp. Appeal Bd. (Whitetail Ski Co.)*, 812 A.2d 750, 754-55 (Pa.

---

[1] In its decision, the Board ponders how a so-called "partial termination" should be characterized and whether it is permitted. Board's August 2, 2016, Decision at 8-9 n.4. Here, the NCP acknowledging a right shoulder injury and a lumbar spine sprain/strain was reduced to a right shoulder injury. We conclude that the reduction is tantamount to a modification of the NCP. *See* Section 413 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772 (providing that, a WCJ "may, at any time, modify, reinstate, suspend, or terminate a [NCP] . . . upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased.")

3

Cmwlth. 2002). Where medical testimony is required relating to causation, it must be unequivocal to support an award. *Haney v. Workmen's Comp. Appeal Bd. (Patterson-Kelley Co.)*, 442 A.2d 1223, 1225 (Pa. Cmwlth. 1982).

Moreover, it is well established that questions of credibility and evidentiary weight are within the exclusive purview of the WCJ. *Clear Channel Broad. v. Workers' Comp. Appeal Bd. (Perry)*, 938 A.2d 1150, 1156 (Pa. Cmwlth. 2007). "The WCJ, therefore, is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses." *Griffiths v. Workers' Comp. Appeal Bd. (Red Lobster)*, 760 A.2d 72, 76 (Pa. Cmwlth. 2000). Neither the Board nor the Court may review the evidence or reweigh the WCJ's credibility determinations. *Sell v. Workers' Comp. Appeal Bd. (LNP Eng'g)*, 771 A.2d 1246 (Pa. 2001). Unless a WCJ arbitrarily or capriciously makes credibility determinations, they will be upheld on appeal. *Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.)*, 893 A.2d 191, 195 (Pa. Cmwlth. 2006). Finally, a WCJ is not required to address all of the evidence. He or she is required only to articulate reasons for making a finding and to make only those findings necessary to resolve the issues raised by the evidence and relevant to the decision. *Jackson v. Workers' Comp. Appeal Bd. (Res. for Human Dev.)*, 877 A.2d 498, 504 (Pa. Cmwlth. 2005).

In support of his position that the WCJ erred in failing to add a left shoulder injury, Claimant maintains that she somehow overlooked and/or disregarded relevant medical evidence. The rationale for his position can be gleaned from his brief, where he notes that the manager on duty at the time of his accident wrote a report stating the fact that his fall onto his back resulted in him hitting his arms, back and head. Having pursued the usual course of going to the

hospital and receiving a battery of tests, he is perplexed as to why his left shoulder injury should not be included considering all of the evidence in support of its inclusion. Claimant's Brief at 5. As his statement of the issue on appeal provides:

> Why is the left shoulder not on the original claim from Liberty Mutual back on February 2013? [Claimant] had approval to go get an MRI done right before he had surgery on the first shoulder, why was that approved? [Claimant] spoke to a Shawn Mcdonald who was the original case manager which he said he would include that in the claim. Lou Ann Courie a nurse that worked for Liberty Mutual on this case actually came to the doctor's appointment before the surgery and asked Dr. Altmann if he could do both arms at the same time. So if it wasn't going to be covered why would she ask that?

*Id*. at 4. We reject Claimant's position.

In rendering her decision, the WCJ accepted, *inter alia*, the opinion of independent medical examiner Dean Sotereanos, M.D., who evaluated Claimant for complaints concerning right and left shoulder pain and cervical spine discomfort. In conducting his examination, the doctor reviewed Claimant's history, available medical records, and conducted his own examination of both shoulders. Concluding that Claimant's left shoulder complaints were not causally related to the work injury, the doctor stated: "There was no distinct functional disability noted on examination today and it is clearly noted that he had significant breakaway weakness and exhibited malingering behavior throughout the examination in regards to the left shoulder. Should the patient require a left shoulder surgery, I do not believe it is related to the above-named work accident." November 4, 2014, Hearing, Defendant's Exhibit C, March 19, 2014, Report of Dr. Sotereanos at 5-6. Accordingly, Dr. Sotereanos opined that the only injury that Claimant sustained related to the work injury was the right shoulder rotator cuff tear, concluding that he sustained no work-related cervical spine or left shoulder

5

injuries and had recovered from any lumbar injury. *Id*. at 6. The WCJ accepted the doctor's testimony as credible and that determination may not be disturbed on appeal. *Lehigh County Vo-Tech Sch. v. Workmen's Comp. Appeal Bd. (Wolfe)*, 652 A.2d 797, 800 (Pa. 1995).

In addition, although the WCJ rendered a fact-finding concerning the testimony of Claimant's medical witness who treated him for complaints regarding both shoulders, Mark W. Rodosky, M.D., she did not accept his opinion regarding an alleged left shoulder injury. Accordingly, consistent with the Board's ruling, we conclude that the WCJ considered the possibility of a left shoulder injury but then rejected it based on the evidence to which she chose to attribute weight and assign credibility. *See Acme Mkts., Inc. v. Workers' Comp. Appeal Bd. (Brown)*, 890 A.2d 21, 26 (Pa. Cmwlth. 2006) (holding that, "[a] reasoned decision does not require the WCJ to give a line-by-line analysis of each statement by each witness, explaining how a particular statement affected the ultimate decision.")

Accordingly, we affirm subject to the Board's clarification regarding Claimant's accepted right shoulder injury.[2]

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[2] As gleaned from the Board's opinion, Claimant had a double row rotator cuff repair surgery in March 2013 but continued to have pain. Board's August 2, 2016, Opinion at 4. In addition, Dr. Sotereanos noted that a November 2013 MRI indicated a recurrent massive tear of Claimant's right rotator cuff. *Id*. at 7.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph B. Doerfler,              :
           Petitioner        :
                            :
           v.                 :    No. 1550 C.D. 2016
                            :
Workers' Compensation Appeal    :
Board (Winegardner &           :
Hammons, Inc.),               :
           Respondent      :

# **O R D E R**

AND NOW, this 31st day of May, 2017, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge