IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hirankarn,                                    :
                                              :
              Petitioner                      :
                                              :
       v.                                     :  No. 144 C.D. 2019
                                              :  Submitted: October 4, 2019
Workers' Compensation Appeal                  :
Board (Phutlek and Uninsured                  :
Employers Guaranty Fund),                     :
                                              :
              Respondents                     :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: March 17, 2021


              Hirankarn (Employer) petitions for review of the January 9, 2019 order
of the Workers' Compensation Appeal Board (Board), which affirmed the decision
of a workers' compensation judge (WCJ) granting Neeranuch Phutlek's (Claimant)
claim petition. Upon review, we affirm.

              Claimant began working for Employer in mid-2014 at two of
Employer's restaurants. On May 20, 2016, Claimant filed a claim petition alleging
injury to her back and right wrist, hip, and leg due to a February 17, 2015 work

_____

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson
became President Judge.

injury. On July 1, 2016, Employer filed an answer denying Claimant's allegations. On June 26, 2016, Claimant filed another claim petition against the Uninsured Employers Guaranty Fund (UEGF) alleging the same injuries as her original claim petition. The petitions were assigned to a WCJ who held multiple hearings.[2]

Claimant received permission from the WCJ to testify by way of deposition, during which she used a translator. Agency Record (A.R.), Item No. 17 at 4-5. Claimant testified that she worked for nine months at two of Employer's Thai restaurants, Kaffir Thai and Biatong. Her duties included cooking, cleaning, and making appetizers. She testified that she worked seven days a week earning approximately $80.00 per day. A.R., Item No. 22 at 7-9.

Claimant testified that on February 17, 2015, while carrying supplies down the stairs at Kaffir Thai, she fell and landed on the cement floor, injuring her neck, stomach, right wrist, right lower back, and right thigh. Claimant testified that she notified Employer immediately after the fall. Claimant explained that it was hard for her to stand due to her work injury and that she could not perform her job duties. On April 21, 2015, Claimant stated she left her job due to the pain from the work injury. A.R., Item No. 22 at 9-16.

Claimant explained that she did not initially seek medical treatment during the period of February 17, 2015, to August 29, 2015, because of her lack of insurance and the language barrier. However, she stated that she finally sought treatment at an emergency room on August 29, 2015, due to the severe pain from the work injury and her abdomen. A.R., Item No. 22 at 38-40.

Claimant's counsel limited the claim petition to less than 52 weeks. A.R., Item No. 19 at 4. Claimant submitted medical records detailing the doctors'

---

[2] The WCJ held hearings on June 27, 2016; September 7, 2016; March 27, 2017; and June 21, 2017.

2

visits and various treatments she received for her work injury. The medical records indicate that Claimant complained of ongoing pain in her right wrist, right side of her back, hip, and leg that worsened with movement and made performing daily tasks difficult. Claimant received an injection in her right hip to help ease the pain; however, it did not help. Claimant had started physical therapy, but discontinued it due to ongoing pain. A.R., Item No. 24 at 1-40.

The medical records included x-rays of Claimant's right wrist, back, and right hip, however, the studies showed no abnormalities. Claimant's medical records also included two magnetic resonance imaging studies (MRIs), which led to Claimant being diagnosed with a triangular fibrocartilage complex (TFCC) tear, fracture of her ulnar styloid, and a mild-moderate bulging and narrowing of her L-3 and L-5 vertebra.[3] A.R., Item No. 24 at 1-40.

In opposition to the claim petition, Employer argued that there was not substantial evidence to support Claimant's allegations of her work place injuries and offered its own medical records to rebut Claimant's claims. Employer first offered medical records from Claimant's August 29, 2015 emergency room visit, which indicated that Claimant had abdominal pain for six weeks prior to seeking treatment. A physical exam found no abnormalities, and Claimant was diagnosed with a urinary tract infection. A.R., Item 28 at 1-60.

Employer also offered Claimant's medical records from September 2015 through February 2016, indicating that she suffered from a kidney cyst and right hip pain. The records indicated that the treating physician wanted to perform an x-ray on Claimant's leg, but that Claimant refused because she was not yet on her husband's health insurance. The records from December 2015, indicate that the

_____

[3] The TFCC stabilizes the wrist. A tear in the TFCC can be diagnosed by MRI. https://www.ncbi.nlm.nih.gov/books/NBK537055/ (last visited 3/16/2021).

treating physician believed Claimant's back pain was caused by renal colic.[4]  A.R., Item No. 28 at 1-60.

On November 16, 2017, the WCJ granted Claimant's claim petition. The WCJ found Claimant's testimony that she suffered a work-related injury credible.  The WCJ found that the medical records introduced by Employer were not related to the work injury.  The WCJ determined Claimant was injured during the scope and course of her employment, and was disabled from April 22, 2015, through April 21, 2016.  The WCJ ordered Employer to pay Claimant disability benefits for the 52-week period, and Claimant's medical bills for previous and future treatment related to the work injury, and litigation costs.  The WCJ directed that, should Employer fail to pay, the UEGF is secondarily liable. A.R., Item No. 11, at 8-12.

Employer appealed the WCJ's decision to the Board, asserting that the WCJ erred because the findings were not based on substantial competent evidence. Specifically, Employer argued that Claimant's testimony and medical records are insufficient to establish that Claimant had sustained a work injury, and the WCJ erred by granting medical benefits in excess of 52 weeks.

By a January 9, 2019 Opinion and Order, the Board affirmed the WCJ's decision.  The Board noted that Employer's main argument was to attack the WCJ's credibility determinations and assignment of weight to the evidence in the record. The Board noted that the obviousness of the injury alone could support the Claimant's claim, and that Claimant's medical records corroborated the claim petition.  The Board further found that the WCJ correctly limited only the wage loss portion of the claim to 52 weeks, but not Claimant's medical expenses, because there

---

[4] Renal colic is a severe form of sudden pain in the lower abdomen, often caused by an obstruction of the urinary tract.  https://www.ncbi.nlm.nih.gov/books/NBK431091/ (last visited 3/16/2021).

is no evidence suggesting that Claimant is fully recovered from her work injury. A.R., Item No. 14 at 1-11.

On appeal to this Court,[5] Employer argues that the Board erred in affirming the WCJ's determination. Employer argues that Claimant failed to offer substantial evidence in support of her claim that she was injured in the scope and course of her employment. Employer further argues that the Board erred in affirming the WCJ's determination that Employer must pay for Claimant's ongoing medical treatment beyond April 21, 2016, because Claimant limited the claim to 52 weeks.

Initially, we note that in a claim petition proceeding, Claimant bears the burden of proving the existence of the work-related injury, disability, and its duration. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). Medical testimony is unnecessary if the causal connection between the work and the injury or the work injury and disability is obvious. *Fotta v. Workmen's Compensation Appeal Board (U.S. Steel/USX Corporation Maple Creek Mine)*, 626 A.2d 1144, 1146 (Pa. 1993). A causal connection is obvious where an individual is performing a task that requires force or strain, and pain is immediately experienced. *Gartner v. Workers' Compensation Appeal Board (Kmart Corp.)*, 796 A.2d 1056, 1058-59 (Pa. Cmwlth. 2002).

In this case, the causal connection between Claimant's work and her injury is obvious: Claimant fell down the stairs at work while carrying supplies into a storage area, immediately causing her pain. Claimant further supported her claim

---

[5] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether findings of fact were supported by substantial evidence. *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 216 n.3 (Pa. Cmwlth. 2006).

with medical records detailing the extent of her injuries and treatment. The WCJ found Claimant's testimony credible. Further, the WCJ determined that the medical records Employer provided were not related to the work injury.

"It is well established that the WCJ is the ultimate fact finder and is empowered to determine witness credibility and evidentiary weight." *Griffiths v. Workers' Compensation Appeal Board (Red Lobster)*, 760 A.2d 72, 76 (Pa. Cmwlth. 2000). As the ultimate fact-finder, the WCJ's findings are binding on appeal if supported by substantial evidence.[6] *Moore v. Workmen's Compensation Appeal Board (Reading Paperboard Corporation)*, 652 A.2d 802, 805 (Pa. 1995). Upon careful review of the record, we conclude that the WCJ's findings are supported by substantial evidence. Thus, we find the Board did not err by affirming the WCJ's decision.

Employer also argues that disability *and* medical benefits should be limited to 52 weeks based on Claimant's own limitation of the claim. Employer is incorrect. Section 422(c) of the Workers' Compensation Act (Act)[7] allows a party to submit medical records as evidence without sworn testimony when the claim "involves [*52*] *weeks or less of disability.*" Section 422(c) of the Act, 77 P.S. §835 (emphasis added). Notably, Section 422(c) does not provide a time limitation on medical benefits. *See Ruth Family Medical Center v. Workers' Compensation Appeal Board (Steinhouse)*, 718 A.2d 397, 402 (Pa. Cmwlth. 1998) (distinguishing disability benefits from medical benefits under Section 422(c)). Further, Employer has produced no credible evidence suggesting that Claimant has fully recovered

---

[6] "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore*, 652 A.2d at 805.

[7] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 26, 1919, P.L. 642, 77 P.S. §835.

6

from her work injury, requiring a termination of medical benefits. Therefore, we conclude that the Board did not err by affirming the WCJ's award of medical benefits to Claimant in excess of 52 weeks.

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hirankarn,                      :
                                    :
               Petitioner     :
                                      :
              v.                 : No. 144 C.D. 2019
                                      :
Workers' Compensation Appeal     :
Board (Phutlek and Uninsured       :
Employers Guaranty Fund),         :
                                      :
              Respondents   :

# **O R D E R**

AND NOW, this 17th day of March, 2021, the January 9, 2019 order of the Workers' Compensation Appeal Board in the above-captioned matter is AFFRIMED.

_____
MICHAEL H. WOJCIK, Judge